MORGAN, LEWIS & BOCKIUS LLP
Barbara A. Fitzgerald, Bar No. 151038
bfitzgerald@morganlewis.com
Kathryn T. McGuigan, Bar No. 232112
kmcguigan@morganlewis.com
Lyndsey M. Marcelino, Bar No. 299879
lyndsey.marcelino@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Attorneys for Defendants
GUCCI AMERICA, INC. and SCOTT FANSLOW

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELA VAVERKOVA, an Individual;<br><br>Plaintiff,<br><br>vs.<br><br>GUCCI AMERICA, INC., a California corporation; SCOTT FANSLOW, an Individual; and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No. 2:15-cv-08330<br><br>[Los Angeles Sup. Ct. Case No. BC592910]<br><br>**NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1331, 1441 AND 1446]** |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF MARCELA VAVERKOVA AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants Gucci America, Inc., a New York corporation (erroneously sued as a California corporation) ("Gucci"), and Scott Fanslow ("Fanslow") (collectively hereinafter "Defendants") hereby remove the above-entitled action from the Superior Court of the State of California, for the County of Los Angeles, to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446(b). Removal is based on the following grounds:

**PROCEDURAL BACKGROUND**

1. On August 28, 2015, plaintiff Marcela Vaverkova ("Plaintiff") commenced this action in the Superior Court of the State of California, for the County of Los Angeles, entitled *Marcela Vaverkova v. Gucci America, Inc. and Scott Fanslow*, Case No. BC592910 ("Complaint") against Defendants, alleging the following thirteen causes of action: (1) pregnancy discrimination; (2) pregnancy harassment; (3) failure to accommodate pregnancy; (4) failure to engage in the interactive process of accommodation for pregnancy; (5) gender-based discrimination; (6) gender-based harassment; (7) failure to prevent discrimination and harassment; (8) failure to correct and remedy discrimination and harassment; (9) retaliation for engaging in a protected activity; (10) retaliation in violation of the California Fair Employment and Housing Act, the federal Family Medical Leave Act, and the California Family Rights Act; (11) wrongful termination in violation of public policy; (12) intentional infliction of emotional distress; and (13) negligent infliction of emotional distress.

2. Gucci received a copy of the Complaint on September 23, 2015, while Fanslow received a copy of the Complaint on September 24, 2015. Attached hereto as **Exhibit A** is a true and correct copy of the Complaint and all accompanying documents that were sent to Gucci and Fanslow.

3. On October 23, 2015, Defendants filed and served their Answer to Plaintiff's Unverified Complaint ("Answer") in the Superior Court of the State of California, for the County of Los Angeles. Attached hereto as **Exhibit B** is a true and correct copy of Defendants' Answer.

4. Exhibits A and B constitute all process, pleadings, and orders that have been filed in this action.

5. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of both Gucci's and Fanslow's respective receipt of Plaintiff's Complaint. While the removal deadline for Gucci is October 23, 2015; i.e., the date of this removal, the thirtieth (30th) day following Fanslow's receipt of the Complaint falls on Saturday, October 24, 2015, and, therefore, pursuant to Fed. R. Civ. P. 6(a)(1), the removal deadline is Monday, October 26, 2015. Thus, this removal is timely as to both Gucci and Fanslow. No previous Notice of Removal has been filed or made with this Court for the relief sought.

**FEDERAL QUESTION JURISDICTION**

6. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's FMLA claim; Plaintiff's "Tenth Cause of Action for Retaliation in Violation of FEHA, FMLA & CFRA." Complt., ¶¶93-102. Federal district courts have "original jurisdiction" for all civil actions "arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Likewise, the FMLA provides that "[a]n action to recover the damages or equitable relief prescribed in [the FMLA] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees… ." 29 U.S.C. § 2617(a)(2). *See also Golez v. Potter*, 2012 WL 3134256 at *2 (S.D. Cal. July 31, 2012) (district court has jurisdiction of the case pursuant to the FMLA, 29 U.S.C. § 2615(a)(1)); *Jadwin v. County of Kern*, 610 F. Supp. 2d 1129, 1142 (E.D. Cal. 2009) (FMLA claims "arise out of" federal law and present a federal question sufficient to warrant federal question jurisdiction);

*Bloom v. Metro Heart Group*, 440 F. 3d 1025, 1031 n.2 (8th Cir. 2006) (district courts have federal question jurisdiction over FMLA claims); *Conoshenti v. Public Serv. Elec. & Gas. Co*., 364 F. 3d 135, 140 n.2 (3rd. Cir. 2004) (removal to federal court was proper because FMLA claim presented a federal question) (superseded by statute on other grounds); *Ricco v. Potter*, 377 F. 3d 599, 602 (6th Cir. 2002) (FMLA claim presented a federal question supporting jurisdiction); *Eastus v. Blue Bell Creameries*, 97 F. 3d 100, 103 (5th Cir. 1996) (court affirmed district court ruling that FMLA claim supports removal from state court because FMLA raises a federal question); *Haywood v. Bedatsky*, 2007 U.S. Dist. LEXIS 12401, *4 (D. Ariz. February 20, 2007) (district court has federal question jurisdiction over FMLA claims); *Conine v. Universal Oil Product Company*, 2006 U.S. Dist. LEXIS 14589, *2-4, 11 Wage & Hour Cas. 2d (BNA 1374 (W.D. La. March 14, 2006) (FMLA claim provides basis for federal question jurisdiction) (citing *Breuer v. Jim's Concrete Brevard, Inc*., 538 U.S. 691, 693 (2003)).

7. Plaintiff's FMLA and state-law claims derive from a common nucleus of operative alleged facts – Plaintiff's pregnancy, her leave of absence under the FMLA and state leave laws, and the termination of her employment with Gucci America, Inc.; e.g. –

- "Defendants subjected Plaintiff to discriminatory, harassing and retaliatory conduct by reason of her reported pregnancy and pregnancy/maternity-related leaves and FMLA." Complt., ¶10.
- "Evidently, the acts committed by Defendant Gucci were done to harass, discriminate and retaliate against Plaintiff because of her reported pregnancy and her lawful exercise of her FMLA and CFRA rights. Ultimately, Plaintiff's employment with Defendant Gucci was unlawfully terminated without real, substantial, and compelling reason." Complt., ¶34

- "I was discriminated against and harassed due to my pregnancy and gender. I was retaliated for my engagement in a protected activity, my whistle blowing action and in violation of CFRA, FMLA and FEHA. As a result, I was wrongfully terminated." Plaintiff's Administrative Charge attached to Complt.

8. *See also* Complt. ¶¶ 7-36, 42, 49, 56, 63, 69, 76, 81, 86, 93, 103, 108, and 114 as well as Plaintiff's administrative charge attached to the Complaint. Thus, such claims form part of the same case or controversy and this Court may exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(a) (a court may grant supplemental jurisdiction "over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy"); *also Trs. Of the Constr. Indus. And Laborers Health and Welfare Trust v. Desert Valley Landscape and Main. Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (state claims are considered part of the same case or controversy if "there is a substantial federal claim arising out of a common nucleus of operative fact"); *Danner v. Himmelfarb*, 858 F.2d 515, 521 (9th Cir. 1988) (same); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 16 L.Ed.2d 218, 86 S.Ct. 1130 (1966) ("loose factual connection between the claims is generally sufficient" to establish supplemental jurisdiction). Accordingly, given the clear common nucleus of operative alleged facts in this civil action, it is proper for this Court to exercise supplemental jurisdiction over the state law claims. The removal of this civil action is therefore proper under 28 U.S.C. § 1441(a) because this is a civil action brought in state court over which the district courts of the United States have original jurisdiction, and this District Court embraces the place in which the state action is pending.

**VENUE**

9. Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because the District Court for the Central District of California, Central Division, is

the judicial district and division embracing the place where the state court case is pending.

**THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

10. Defendants will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California, for the County of Los Angeles, as required under 28 U.S.C. § 1446(d).

**NOW, THEREFORE,** Defendants respectfully request that this action be removed from the Superior Court of the State of California, for the County of Los Angeles, to the United States District Court for the Central District of California, and that all proceedings hereinafter in this matter take place in the United States District Court for the Central District of California.

Dated: October 23, 2015

MORGAN, LEWIS & BOCKIUS LLP

By /s/ *Barbara A. Fitzgerald*
Barbara A. Fitzgerald

Attorneys for Defendants
Gucci America, Inc. and Scott Fanslow