# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>GUCCI AMERICA, INC., a California Corporation; SCOTT<br>FANSLOW, an Individual; and DOES 1 through 25, Inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>MARCELA VAVERKOVA, an Individual | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>AUG 28 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Judi Lara, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Stanley Mosk Courthouse<br>*(El nombre y dirección de la corte es):*<br>111 North Hill Street<br>Los Angeles CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>BC 592910 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Pegah Sharifi (SBN 290260) 5723 Melrose Avenue, Los Angeles CA 90038 Phone: (310) 826-6300

| DATE: 08/26/2015<br>*(Fecha)* | SHERRI R. CARTER | Clerk, by<br>*(Secretario)* | Judi Lara | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

AUG 28 2015

Page 1 of 1

RODNEY MESRIANI (SBN 184875)
PEGAH SHARIFI (SBN 290260)
MESRIANI LAW GROUP
A PROFESSIONAL LAW CORPORATION
510 Arizona Avenue,
Santa Monica, CA 90401
Tel:    (310) 826-6300
Fax:    (310) 820-1258

Attorneys for Plaintiff MARCELA VAVERKOVA

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 28 2015

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

BC 5 9 2 9 1 0

MARCELA VAVERKOVA, an
Individual;

        Plaintiff,

    v.

GUCCI AMERICA, INC., a California
Corporation; SCOTT FANSLOW, an
Individual; and DOES 1 through 25,
Inclusive,

        Defendants.

CASE NO.

COMPLAINT FOR:

1.  **PREGNANCY DISCRIMINATION;**
2.  **PREGNANCY HARASSMENT;**
3.  **FAILURE TO ACCOMMODATE PREGNANCY;**
4.  **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS OF ACCOMMODATION OF PREGNANCY;**
5.  **GENDER-BASED DISCRIMINATION**
6.  **GENDER-BASED HARASSMENT**
7.  **FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT;**
8.  **FAILURE TO CORRECT AND REMEDY DISCRIMINATION AND HARASSMENT;**
9.  **RETALIATION FOR ENGAGING IN A PROTECTED ACTIVITY**
10. **RETALIATION IN VIOLATION OF FEHA, FMLA & CFRA;**
11. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**
12. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

1

COMPLAINT

**13. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.**

**DEMAND FOR JURY TRIAL**

Plaintiff MARCELA VAVERKOVA, by and through her counsel, claims and alleges as follows:

**PARTIES**

1. Plaintiff MARCELA VAVERKOVA (hereinafter "Plaintiff"), is an individual who, at all times relevant to this action, resided in Los Angeles County, State of California.

2. Plaintiff is informed, believes and thereupon alleges that Defendant GUCCI AMERICA, INC. (hereafter "Defendant Gucci") is a New York Corporation, lawfully doing substantial business in Los Angeles County, State of California and was Plaintiff's employer at all times relevant herein.

3. Plaintiff is informed, believes and thereupon alleges that Defendant SCOTT FANSLOW (hereafter "Defendant Fanslow") is a Manager at Defendant Gucci and, based upon information and belief, is a resident of Los Angeles County, State of California, at all times relevant herein.

4. The true names and/or capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 - 25, inclusive, are currently unknown to Plaintiff, who therefore now sues said Defendants pursuant to *California Civil Code* section 474 by such fictitious names. Plaintiff will seek leave to amend this Complaint to insert their true names and/or capacities upon ascertainment, or alternatively, conform the pleadings to proof at the time of arbitration. Plaintiff is informed and believes and thereupon alleges that at all times relevant herein each such fictitiously named Defendant was and is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries and/or damages were and are directly and/or proximately caused thereby.

5. Plaintiff is informed and believes and thereupon alleges that each such fictitiously named Defendant is directly and/or indirectly liable on one or more of the causes of action set forth

2

COMPLAINT

1  herein. Defendant Gucci, individual Defendant and Does 1 through 25 are sometimes referred to

2  collectively herein as "Defendants."

3       6. Plaintiff is informed and believes, and thereupon alleges, that except as may otherwise

4  be required or presumed by law, at all times herein mentioned, each and every one of the

5  Defendants was the agent, servant, employee and/or joint venturer of his/her/its co-Defendant, and

6  was, as such, in doing the things hereinafter mentioned, acting within the scope, course and

7  authority of such agency, employment and/or joint venture.

8  **GENERAL ALLEGATIONS**

9       7. By this reference, Plaintiff alleges and incorporates herein each and every allegation set

10  forth in all previous paragraphs of the Complaint.

11       8. In or around October of 2004, Plaintiff became employed by Defendant Gucci as a Sales

12  Associate. Plaintiff's duties included, but were not limited to, assisting clients, building and

13  maintaining client relationships, educating clients about the company's products, heritage and

14  history, maintaining company visual presentation standards, and meeting sales quotas.

15       9. Throughout Plaintiff's employment at Defendant Gucci, she performed her duties

16  diligently and responsibly. For the past ten (10) years, Plaintiff was a consistent sales performer,

17  finishing each year with the highest sales in her department. Plaintiff even received a "Thank You"

18  letter from Defendant Gucci's Executive Regional Director, Mr. Greg Stewart, for her excellent

19  sales performance. In fact, Mr. Stuart acknowledged that "Gucci Beverly Hills' success is

20  contingent upon passionate employees such as you [Plaintiff]."

21       10.    Notably, prior to the incidents of discrimination, harassment and her eventual

22  wrongful termination, Plaintiff was never written up nor subjected to any disciplinary action.

23  Indeed, Plaintiff was a passionate and hardworking employee who valued her job. However,

24  instead of rewarding Plaintiff for her exemplary service, Defendants subjected Plaintiff to

25  discriminatory, harassing and retaliatory conduct by reason of her reported pregnancy,

26  pregnancy/maternity-related leaves and FMLA.

27       11.    In or around November of 2013, Plaintiff informed Defendant Fanslow about her

28  pregnancy, her expected date of delivery, and her forthcoming maternity leave. Defendant Fanslow

3
COMPLAINT

1   obviously did not take said announcement very well as he started giving Plaintiff a hard time just

2   a couple of days thereafter.

3        12.    On or about November 23, 2013, Defendant Fanslow repeatedly questioned

4   Plaintiff regarding her shoes, insisting that she needed to wear a Gucci shoe at work or to get a

5   doctor's note, which she had already submitted. Plaintiff was previously diagnosed with ACL knee

6   injury and Defendant Fanslow was aware of how such injury now affected Plaintiff. More

7   specifically, Plaintiff told Defendant Fanslow that "she was having difficulty walking because of

8   the pregnancy weight."

9        13.    On or about November 30, 2013, during a morning store meeting Defendant

10  Fanslow singled Plaintiff out by unreasonably demanding that she should reach a Pre-Sale goal of

11  $40,000 in four (4) days.

12       14.    On or about December 2, 2013, Defendant Fanslow insisted that Plaintiff should

13  use a Bluetooth headset in following-up with her clients. Plaintiff refused as she was wary of

14  Bluetooth radiation which may possibly lead to health problems for her unborn child and told

15  Defendant Fanslow about this.

16       15.    On or about December 7, 2013, a particularly cold day, Plaintiff was working and

17  sweating hard during a Weekend Sale. Fully aware of Plaintiff's sweat, condition and that it was

18  a very cold day, Defendant Fanslow opened the store's back door. Plaintiff asked Defendant

19  Fanslow to kindly close the door as she was pregnant and could not afford to get sick because she

20  is sweating and cold air is blowing onto her and she cannot take any medication because she is

21  pregnant. To Plaintiff's dismay, Defendant Fanslow simply shrugged her off and kept said door

22  open all day long. True enough, Plaintiff became sick later. To further retaliate against Plaintiff,

23  Defendant Fanslow started taking away Plaintiff's customers and giving them to her co-workers.

24  Plaintiff complained on numerous occasions that those were her customers but to no avail.

25       16.    On or about December 14, 2013, Plaintiff felt obliged to continue working

26  despite the pain caused by her pregnancy complications and suffering from very swollen feet. As

27  the store was extremely busy with clients, Plaintiff barely had time to drink water or take a break,

28  making her feel nauseous. At midday, Plaintiff asked Defendant Fanslow if she could clock out

                                          4

early. Indifferently, Defendant Fanslow dismissed Plaintiff, saying that "[Plaintiff] ought to present a doctor's note first."

17.     On or about December 26, 2013, Plaintiff went to Santa Monica Orthopedic and Sports Medicine Group to have her leg pains and swollen feet checked. The attending physician then wrote Plaintiff a work modification.

18.     The following day, December 27, 2013, Plaintiff presented her doctor's note for a work modification reducing her days and hours of work and prohibiting prolonged standing at work. Defendant Fanslow coldly replied that he would not approve such request for work modification unless the New York Human Resource Office told him otherwise. After repeated pleas to Defendants, Plaintiff was allowed to have a modified workweek schedule.

19.     On or about December 28, 2013, during a morning store meeting, Defendant Fanslow harassed Plaintiff for not reaching her monthly sales target. Plaintiff, in her own defense, again complained that her sales had been taken away from her and given to her co-workers, but to no avail.

20.     In or around January of 2014, Plaintiff felt extremely stressed after learning that Defendant Fanslow continuously scheduled her for weekly "stock work" despite full knowledge of Plaintiff's difficult condition and restrictions.

21.     On or about January 17, 2014, Defendant Fanslow scheduled Plaintiff to work from 8:00 in the morning up to 6:30 in the evening. Plaintiff, cautious that such a long workday could further complicate her pregnancy, protested and reminded Defendant Fanslow of her delicate condition and her doctor's advice to limit her work to not more than six (6) hours per day.

22.     On or about January 30, 2014, with all the stress, stock work and harassing treatment from Defendants, Plaintiff suffered excruciating pain in her lower abdomen while in the course and scope of her employment at Defendant's location. Finding Plaintiff's pregnancy extremely delicate, her doctor ordered Plaintiff to stop working, placing Plaintiff on complete bed rest due to pregnancy complications until after Plaintiff gave birth. This was also the last day that Plaintiff was able to report to work.

23.     On May 16, 2014, Plaintiff delivered her baby through caesarian section.

COMPLAINT

24.     On or about August 20, 2014, Plaintiff sent Defendant Fanslow an email informing the him of her intention to use her available four (4) week vacation right after her CFRA leave which was to end on October 3, 2014.

25.     On or about August 23, 1014, Defendant Fanslow replied, virtually shrugging off Plaintiff's request, directing Plaintiff to speak with the Human Resources instead.   Plaintiff contacted HR and HR stated that they would get back to her.

26.     On or about September 19, 2014, Plaintiff asked Defendant Fanslow about her work schedule and return date. The following day, Defendant Fanslow replied: "I spoke to HR and they informed me that they have you returning back to work on October 3, 2014. Please connect with HR. We are unable to e-mail schedules."

27.     On or about October 3, 2014, Plaintiff informed Defendant Fanslow and HR that she would not be able to return to work yet due to child care difficulties and her ill mother who was suffering from cancer. Plaintiff then requested for additional time-off from October 3 to October 22, 2014 to deal with these difficulties. To Plaintiff's dismay, Defendant Fanslow never replied.

28.     On or about October 10, 2014, Plaintiff's child was assessed by her doctor to be suffering from separation anxiety and could not yet tolerate being separated from her mother. A doctor's note was issued in which Plaintiff was advised to extend her leave.

29.     On October 14, 2014, Plaintiff's mother who had long been battling against cancer passed away.

30.     Plaintiff appealed to Defendants once again for additional time-off to attend to her mother's final rites and, at the same time, negotiate her child's needs. Plaintiff sent Michelle Trujillo-Calix ("Trujillo-Calix"), Defendant Gucci's Benefits Manager, a copy of said October 10, 2014 doctor's note to further support her request for additional time-off.

31.     On or about October 22, 2014, Plaintiff received an email from Ms. Trujillo-Calix acknowledging receipt of said doctor's note. On that same day, Ms. Trujillo-Calix called informing Plaintiff that her request for additional time off was denied and that she was required to return to work on October 26, 2014. Plaintiff again pleaded for just a little more time off and stated that she

6

had enough vacation time to cover her leave. Ms. Trujillo-Calix stated, "I will check and call you back."

32.    To Plaintiff's dismay, Ms. Trujillo-Calix never called her back, instead on or about October 28, 2014, Plaintiff received a mail from Ms. Trujillo-Calix saying that her employment with Defendant Gucci has been terminated as she was deemed to have voluntarily resigned for failing to report back to work on October 26, 2014.

33.    At this point, Plaintiff could only find herself crying with all the distress she had been made to go through by Defendants' harassment, discrimination and retaliation against her. Plaintiff became so miserable and felt helpless by Defendants' total disregard to her rights as a working mother who had to attend to her newborn child's special needs. This was compounded by Defendants' utter indifference to Plaintiff's and her family's period of mourning.

34.    Evidently, the acts committed by Defendant Gucci were done to harass, discriminate and retaliate against Plaintiff because of her reported pregnancy and her lawful exercise of her FMLA and CFRA rights. Ultimately, Plaintiff's employment with Defendant Gucci was unlawfully terminated without real, substantial, and compelling reason.

35.    In view of the foregoing, Defendants' conduct caused Plaintiff such embarrassment, humiliation, grief and emotional distress, forcing Plaintiff to seek medical attention. In addition, Plaintiff has lost and continues to lose income and benefits as a result of Defendants' conduct.

## FIRST CAUSE OF ACTION

### PREGNANCY DISCRIMINATION

### AGAINST DEFENDANT GUCCI

36.    Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

37.    Plaintiff was at all times hereto an "employee" within the meaning of California Government Code § 12926(c) and California Government Code §§ 12940(a) and (c), which prohibit pregnancy discrimination in employment.

38.    Defendant Gucci was at all material times an "employer" as defined by California

7

COMPLAINT

1   Government Code § 12926(d) and within the meaning of California Government Code §§ 12940(a)

2   and (c) and, as such, was barred from discriminating in employment decisions on the basis of

3   pregnancy, as set forth in California Government Code § 12940.

4       39.     Defendant Gucci has discriminated against Plaintiff on the basis of her pregnancy

5   in violation of California Government Code §§ 12940(a) and (c), Article I of the California

6   Constitution and related statutes, by engaging in the course of conduct more fully set forth in the

7   General Allegations and all paragraphs stated above.

8       40.     As a result of Defendant Gucci's unlawful discrimination against Plaintiff, Plaintiff

9   has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, emotional

10  and physical distress; and (b) loss of past and future earnings, and employment benefits and

11  opportunities, on account of which Plaintiff is entitled to compensatory damages. The exact

12  amount and nature of such damages exceed the jurisdictional limits of this court, but are presently

13  unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such

14  information, or will prove the same at the time of trial.

15      41.     As more fully set forth above, the pregnancy discrimination by Defendant Gucci

16  was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a

17  conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy

18  Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud,

19  and malice, as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive

20  or exemplary damages in an amount sufficient to punish and make an example out of Defendant.

21                          **SECOND CAUSE OF ACTION**

22                          **PREGNANCY HARASSMENT**

23                          **AGAINST ALL DEFENDANTS**

24      42.     Plaintiff alleges and incorporates herein by this reference each and every allegation

25  set forth in all previous paragraphs of the Complaint.

26      43.     Plaintiff was at all times hereto an "employee" within the meaning of California

27  Government Code § 12926(c) and California Government Code §§ 12940(a) and (c), which

28  prohibit pregnancy harassment in employment.

44.    Defendant Gucci was at all material times an "employer" within the meaning of California Government Code § 12926(d) and California Government Code §§ 12940(a) and (c) and, as such, was barred from harassing and discriminating in employment decisions on the basis of pregnancy possessed or thought to be possessed by an employee, as set forth in California Government Code § 12940.20.

45.    Individual Defendant Fanslow is the manager of Defendant Gucci, and as such, owed a duty to the Plaintiff to refrain from engaging in harassment and to take all reasonable steps to prevent and correct unlawful pregnancy discrimination and harassment in the workplace.

46.    Defendants harassed Plaintiff on the basis of pregnancy, in violation of California Government Code §§ 12940(a) and (c), Article I of the California Constitution and related statutes by engaging in the course of conduct more fully set forth in the General Allegations stated above.

47.    As a proximate result of Defendants' harassment of Plaintiff, Plaintiff has suffered (a) humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings and employment benefits and opportunities; all on account of which Plaintiff is entitled to compensatory damages. The amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

48.    As more fully set forth above, the pregnancy harassment by Defendants was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice, as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

## THIRD CAUSE OF ACTION

### FAILURE TO ACCOMMODATE PREGNANCY

### AGAINST DEFENDANT GUCCI

49.    Plaintiff alleges and incorporates herein by this reference each and every allegation

9

COMPLAINT

set forth in all previous paragraphs of the Complaint.

50.     Plaintiff at all times hereto was an "employee" within the meaning of California Government Code §12926(c) and California Government Code §§12940 (a) and (c), which prohibit pregnancy harassment/discrimination in employment.

51.     Defendant Gucci was at all material times an "employer" within the meaning of California Government Code §12926(d) and California Government Code §§12940(a) and (c), and, as such, was barred from harassing/discriminating against Plaintiff on the basis of pregnancy, as set forth in California Government Code §12940.

52.     At the time of Plaintiff's employment with Defendant Gucci, she was confirmed to be pregnant, which requires her to take pregnancy-related leaves, as well as other pregnancy-related needs.

53.     Despite having knowledge of Plaintiff's pregnancy, Defendant Gucci failed to provide Plaintiff with a reasonable accommodation for her pregnancy-related needs.

54.     As a proximate result of Defendant Gucci's failure to accommodate Plaintiff's pregnancy-related needs, Plaintiff has suffered (a) humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities; all on account of which Plaintiff is entitled to compensatory damages. The amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

55.     As more fully set forth above, Defendant Gucci's failure to accommodate Plaintiff's pregnancy-related needs was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice, as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendant.

## FOURTH CAUSE OF ACTION

COMPLAINT

# FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS OF
## ACCOMMODATION OF PREGNANCY
### AGAINST DEFENDANT GUCCI

56.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

57.     Plaintiff was at all times hereto an "employee" within the meaning of California Government Code §12926(c) and California Government Code §§12940(a) and (c), which prohibit pregnancy/medical condition harassment/discrimination in employment.

58.     Defendant Gucci was at all material times an "employer" within the meaning of California Government Code §12926(d) and California Government Code §§ 12940(a) and (c) and, as such, was barred from harassment/discrimination of Plaintiff on the basis of pregnancy, perceived pregnancy, or medical condition possessed or thought to be possessed by an employee, as set forth in California Government Code §12940.

59.     At the time of Plaintiff's employment with Defendant Gucci, she was suffering from a condition that substantially limits her major life activities.

60.     Despite having notice of Plaintiff's condition, and notice of Plaintiff's request for a reasonable accommodation, Defendant Gucci failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations in violation of California Government Code §12940(n).

61.     As a result of Defendant Gucci's failure to engage in the interactive process of accommodation of her known pregnancy, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

62.     As more fully set forth above, Defendant Gucci's failure to engage in the interactive

1   process to accommodate Plaintiff's known pregnancy was committed intentionally, maliciously,

2   wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with

3   the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by

4   Plaintiff. Such acts amounted to oppression, fraud, and malice, as described in California Civil

5   Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount

6   sufficient to punish and make an example out of Defendant.

7                      **FIFTH CAUSE OF ACTION**

8              **GENDER-BASED DISCRIMINATION**

9               **AGAINST DEFENDANT GUCCI**

10      63.    Plaintiff alleges and incorporates herein by this reference each and every allegation

11  set forth in all previous paragraphs of the Complaint.

12      64.    Plaintiff was at all times herein an "employee" within the meaning of California

13  Government Code §§ 12926(c) and California Government Code §§ 12940(a) and (c).

14      65.    Defendant Gucci was at all material times an "employer" within the meaning of

15  California Government Code §§ 12926(d) and California Government Code §§ 12940(a) and (c)

16  and, as such, was barred from discriminating in employment decisions on the basis of sex (gender),

17  as set forth in California Government Code § 12940.

18      66.    Defendant Gucci has discriminated against Plaintiff on the basis of sex (gender), in

19  violation of California Government Code §§ 12940(a) and (j)(1), Article I of the California

20  Constitution and related statutes by engaging in the course of conduct more fully set forth in the

21  General Allegations stated above.

22      67.    As a result of Defendant Gucci's gender-based discrimination against Plaintiff,

23  Plaintiff has suffered (a) humiliation, serious mental anguish, and emotional and physical distress;

24  and (b) loss of past and future earnings and employment benefits and opportunities; all on account

25  of which Plaintiff is entitled to compensatory damages. The exact amount and nature of such

26  damages exceed the jurisdictional limit of this court, but are presently unknown to Plaintiff, who

27  will either seek leave to amend this Complaint upon ascertaining such information, or will prove

28  the same at time of trial.

COMPLAINT

1    68.    As more fully set forth above, the gender-based discrimination by Defendant Gucci

2    was done intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious

3    disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as

4    to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294.

5    Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish

6    and make an example out of Defendant.

7                              **SIXTH CAUSE OF ACTION**

8                           **GENDER-BASED HARASSMENT**

9                             **AGAINST ALL DEFENDANTS**

10    69.    Plaintiff alleges and incorporates herein by this reference each and every allegation

11    set forth in all previous paragraphs of the Complaint.

12    70.    Plaintiff was at all times hereto an "employee" within the meaning of California

13    Government Code § 12926(c) and California Government Code §§ 12940(a) and (c), which

14    prohibit disability harassment in employment.

15    71.    Defendant Gucci was at all material times an "employer" within the meaning of

16    California Government Code § 12926(d) and California Government Code §§ 12940(a) and (c)

17    and, as such, was barred from harassing and discriminating in employment decisions on the basis

18    of disability possessed or thought to be possessed by an employee, as set forth in California

19    Government Code § 12940.20.

20    72.    Individual Defendant Fanslow is the manager of Defendant Gucci, and as such,

21    owed a duty to the Plaintiff to refrain from engaging in harassment and to take all reasonable steps

22    to prevent and correct unlawful nonsexual gender harassment in the workplace.

23    73.    Defendants harassed Plaintiff on the basis of sex (gender), in violation of California

24    Government Code §§ 12940(a) and (c), Article I of the California Constitution and related statutes

25    by engaging in the course of conduct more fully set forth in the General Allegations stated above.

26    74.    As a proximate result of Defendants' harassment of Plaintiff, Plaintiff has suffered

27    (a) humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past

28    and future earnings and employment benefits and opportunities; all on account of which Plaintiff

1   is entitled to compensatory damages. The amount and nature of such damages exceed the

2   jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave

3   to amend this Complaint upon ascertaining such information, or will prove the same at the time of

4   trial.

5         75.    As more fully set forth above, the disability harassment by Defendants was

6   committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious

7   disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as

8   to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice,

9   as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary

10  damages in an amount sufficient to punish and make an example out of Defendants.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PREVENT UNLAWFUL DISCRIMINATION AND HARASSMENT

## AGAINST DEFENDANT GUCCI

14        76.    Plaintiff alleges and incorporates herein by this reference each and every allegation

15  set forth in all previous paragraphs of the Complaint.

16        77.    Defendant Gucci failed to take all reasonable steps to prevent the discrimination

17  against and harassment and retaliation of Plaintiff from occurring, in violation of California

18  Government Code § 12940(k), by engaging in the course of conduct set forth in the General

19  Allegations and all paragraphs stated above, among other things.

20        78.    Specifically, Defendant Gucci failed to take any meaningful preventative action

21  against those managers, supervisors, and employees who were harassing Plaintiff or enabling

22  others to discriminate against and harass Plaintiff. If the Defendant has a written policy addressing

23  the issue of sex (gender) harassment, the policy is not enforced and is consistently disregarded.

24        79.    As a result of Defendant Gucci's failure to prevent the unlawful discrimination

25  against and harassment of Plaintiff, Plaintiff has suffered and continue to suffer substantial (a)

26  humiliation, serious mental anguish and emotional and physical distress; and (b) loss of past and

27  future earnings, and employment benefits and opportunities, on account of which Plaintiff is

28  entitled to compensatory damages, the exact amount and nature of which exceeds the jurisdictional

1   limits of this court but is presently unknown to Plaintiff, who will either seek leave to amend this

2   complaint upon ascertaining such information, or will prove the same at the time of trial.

3         80.    As more fully set forth above, Defendant Gucci's failure to prevent the unlawful

4   discrimination and harassment was intentional, malicious, wanton, oppressive, and fraudulent,

5   with conscious disregard of Plaintiff's rights and with the intent to vex, injure, punish, and annoy

6   Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil

7   Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount

8   sufficient to punish and make an example out of Defendants.

## EIGHTH CAUSE OF ACTION

### FAILURE TO CORRECT AND REMEDY DISCRIMINATION AND HARASSMENT

### AGAINST DEFENDANT GUCCI

12         81.    Plaintiff alleges and incorporates herein by this reference each and every allegation

13   set forth in all previous paragraphs of the Complaint.

14         82.    Defendant Gucci failed to take all reasonable steps to investigate, correct and

15   remedy the harassment of and discrimination against Plaintiff, in violation of California

16   Government Code § 129400(j), by engaging in the course of conduct set forth in the General

17   Allegations and all paragraphs stated above, among other things.

18         83.    Specifically, Defendant Gucci was aware that Plaintiff was continuously harassed

19   and discriminated against, yet Defendant Gucci failed to further investigate and to take immediate

20   and appropriate corrective action to remedy the harassment and discrimination suffered by Plaintiff

21   or to correct those managers, supervisors and employees who were allowing others to harass and

22   discriminate Plaintiff.

23         84.    As a result of Defendant Gucci's failure to investigate, correct or remedy the

24   unlawful discrimination and harassment of Plaintiff, Plaintiff has suffered and continues to suffer

25   (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and (b)

26   loss of past and future earnings, and employment benefits and opportunities, on account of which

27   Plaintiff is entitled to compensatory damages. The exact amount and nature of such damage exceed

28   the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek

COMPLAINT

1  leave to amend this Complaint upon ascertaining such information, or will prove the same at the

2  time of trial.

3      85.    As more fully set forth above, Defendant Gucci's failure to correct or remedy the

4  unlawful harassment and discrimination was intentional, malicious, wanton, oppressive, and

5  fraudulent, with conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish,

6  and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of

7  California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damage in an

8  amount sufficient to punish and make an example out of Defendant.

9                          **NINTH CAUSE OF ACTION**

10          **RETALIATION FOR ENGAGING IN A PROTECTED ACTIVITY**

11                      **AGAINST DEFENDANT GUCCI**

12      86.    Plaintiff alleges and incorporates herein by this reference each and every allegation

13  set forth in all previous paragraphs of the Complaint.

14      87.    California Labor Code § 98.6 prohibits an employer from retaliating against an

15  employee for filing a bona fide complaint, or a claim, or instituted any proceeding relating to his

16  or her rights under the jurisdiction of the labor commission.

17      88.    Plaintiff's aforementioned protected activity, as described hereinabove, was a

18  motivating factor in Defendant Gucci's decisions that were adverse to Plaintiff, in regard to

19  compensation and terms, conditions and privileges of employment.

20      89.    Defendants retaliated against Plaintiff as manifested by several acts depicted under

21  the General Allegations above. Specifically, Defendants subjected Plaintiff to harassment and

22  discrimination by reason of her pregnancy, and for reasonably engaging in a lawful and protected

23  activity, as more fully set forth in the General Allegations and all paragraphs stated above, amongst

24  other things. Ultimately, Defendants terminated Plaintiff's employment without valid justification.

25      90.    Clearly, the aforementioned acts are discriminative against Plaintiff, and a violation

26  against California Labor Code § 98.6. As a result of the foregoing wrongful conduct, Plaintiff is

27  entitled to recover restitution damages in the form of payment of unlawfully withheld wages,

28  overtime, and commissions. Plaintiff is also entitled to recover reasonable attorneys' fees pursuant

1  to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine.

2      91.    As a result, Plaintiff is entitled to recover all unpaid compensation against her,

3  prejudgment interest, and reasonable attorneys' fees and costs of suit. The exact amounts of such

4  damages are presently unknown to Plaintiff, who will either seek leave to amend this Complaint

5  upon ascertaining such information, or will prove the same at the time of trial.

6      92.    The unlawful practices toward Plaintiff, as alleged in the General Allegations set

7  forth above, were approved and ratified by Defendants by their failure to honor Plaintiff's rights

8  under the aforementioned law to which she was entitled.

9                          **TENTH CAUSE OF ACTION**

10              **RETALIATION IN VIOLATION OF FEHA, FMLA & CFRA**

11                          **AGAINST DEFENDANT GUCCI**

12      93.    Plaintiff alleges and incorporates herein by this reference each and every allegation

13  set forth in all previous paragraphs of the Complaint.

14      94.    Under the Fair Employment and Housing Act ("FEHA"), Government Code

15  §12940 et. seq., and more specifically, the California Family Rights Act ("CFRA") as well as

16  FMLA, it is an unlawful employment practice for an employer to refuse to grant a request by any

17  employee to take up to 12 workweeks in any 12 month period for family and medical leave. It is

18  an unlawful employment practice for the employer to fail to guarantee, to each employee taking

19  family or medical leave employment in the same or comparable position at the end of the family

20  or medical leave. It is an unlawful employment practice for an employer to refuse to hire, to

21  discharge, fine, suspend, expel, discrimination or harass an employee because of an employee's

22  exercise of the right to family care and medical leave.

23      95.    At all times mentioned in this complaint, Defendant Gucci was employer and

24  employed more than 50 employees in a 75 mile radius of Plaintiff's place of work.

25      96.    Plaintiff's protected status under the FEHA is Plaintiff's exercise of and/or attempts

26  to exercise family and/or medical leave rights, and/or Plaintiff giving information and/or testimony

27  in an inquiry and/or proceedings related to rights guaranteed under the California Family Rights

28  Act. Plaintiff complied with all applicable notice requirements, if any, of Defendant Gucci, and of

1    the California Family Rights Act.

2         97.    Defendant Gucci knew, perceived, and/or believed that Plaintiff had the
3    aforementioned protected status, described hereinabove.

4         98.    Defendant Gucci failed and refused to comply with the California Family Rights
5    Act, as described hereinabove. Defendant Gucci failed to guarantee Plaintiff's employment in the
6    same or comparable position at the end of family or medical leave; and/or refused to hire,
7    discharged, fined, suspended, expelled, demoted, constructively discharged, refused to promote,
8    failed to reinstate, discriminated against and/or harassed Plaintiff because of Plaintiff's exercise of
9    and/or attempts to exercise family and/or medical leave rights and/or because of Plaintiff's giving
10   information and/or testimony as to plaintiff's family and medical leave in an inquiry and/or
11   proceedings related to rights guaranteed under the California Family Rights Act.

12        99.    Plaintiff's exercise of, attempts to exercise and/or cooperation in providing
13   information for family and medical leave was a motivating factor in Defendant Gucci's
14   aforementioned decisions that were adverse to Plaintiff. Plaintiff's exercise of, attempts to exercise
15   and/or cooperation in providing information for family and medical leave was a motivating factor
16   in Defendant Gucci's aforementioned decision to actually refuse to hire Plaintiff; refuse to employ
17   Plaintiff, failure to reinstate Plaintiff, failure to guarantee Plaintiff's employment in the same or
18   similar position after family and medical leave, discriminate against Plaintiff, fine Plaintiff,
19   suspend Plaintiff, and/or harass Plaintiff.

20        100.   As a direct, legal, and proximate cause of Plaintiff's aforementioned protected
21   status, Defendants discriminated and harassed Plaintiff by engaging in the course of conduct set
22   forth in the General Allegations and all paragraphs stated above, amongst other things.

23        101.   As a result of Defendants' above referenced discrimination, harassment, and
24   retaliation, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental
25   anguish, and emotional and physical distress; and (b) loss of past and future earnings, and
26   employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory
27   damages. The exact amount and nature of such damages exceed the jurisdictional limits of this
28   court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint

COMPLAINT

1     upon ascertaining such information, or will prove the same at the time of trial.

2        102.     As more fully set forth above, Defendant Gucci's above referenced discrimination,

3     harassment, and retaliation was committed intentionally, maliciously, wantonly, oppressively, and

4     fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure,

5     punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted

6     to oppression, fraud, and malice, as described in California Civil Code § 3294. Plaintiff is therefore

7     entitled to punitive or exemplary damages in an amount sufficient to punish and make an example

8     out of Defendant.

9                    **ELEVENTH CAUSE OF ACTION**

10                      **WRONGFUL TERMINATION**

11                  **AGAINST DEFENDANT GUCCI**

12        103.     Plaintiff re-alleges and incorporates herein by this reference each and every

13     allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

14        104.     Defendant Gucci violated the Fair Employment and Housing Act (FEHA),

15     California Government Code § 12940 et seq. by wrongfully terminating Plaintiff's employment

16     because of her pregnancy.

17        105.     The aforementioned acts of Defendant Gucci constitute wrongful termination in

18     violation of public policy.

19        106.     As a result of Defendant Gucci's wrongful conduct, Plaintiff has suffered and

20     continues to suffer from (a) substantial humiliation, serious mental anguish, emotional and

21     physical distress, (b) loss of past and future earnings, employment benefits and opportunities,

22     which Plaintiff is entitled to as compensatory damages. The exact amount and nature of such

23     damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who

24     will either seek leave to amend this Complaint upon ascertaining such information or will prove

25     the same at the time of trial.

26        107.     As more fully set forth above, the acts of Defendant Gucci were intentional,

27     malicious, wanton, oppressive and fraudulent, with conscious disregard for Plaintiff's rights and

28     with the intent to vex, injure, punish and annoy Plaintiff so as to cause the injuries sustained by

COMPLAINT

1   Plaintiff, within the meaning of California Civil Code §3294. Plaintiff is therefore entitled to

2   punitive or exemplary damages in an amount sufficient to punish and make an example out of

3   Defendants.

### TWELFTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### AGAINST ALL DEFENDANTS

7   108.   Plaintiff alleges and incorporates herein by this reference each and every allegation

8   set forth in all previous paragraphs of the Complaint.

9   109.   Defendants engaged in pregnancy discrimination against Plaintiff, and aided and

10   abetted each other in engaging in illegal discrimination and harassment, thereby subjecting

11   Plaintiff to the intentional infliction of emotional distress caused by such discrimination and

12   harassment in violation of California Government Code § 12940.

13   110.   Defendant Gucci failed to take immediate and appropriate remedial action to

14   respond to Plaintiff's complaints of discrimination and harassment. Instead, Defendant Gucci

15   ignored Plaintiff's request that the behavior be dealt with and allowed Plaintiff to be subjected to

16   retaliatory action.

17   111.   The acts of Defendants as described herein were extreme and outrageous and an

18   abuse of the authority and position of Defendants, and each of them. Such conduct was intended

19   to cause severe emotional distress, or was done with conscious disregard for the probability of

20   causing such distress. Such conduct exceeded the inherent risks of employment and was not the

21   sort of conduct normally expected to occur in the workplace. Defendant Gucci and its employees,

22   the above-named individual Defendants, abused their positions of authority toward Plaintiff, and

23   engaged in conduct intended to humiliate Plaintiff and convey the message that she was powerless

24   to defend her rights.

25   112.   As a proximate result of the aforementioned acts, Plaintiff has suffered

26   embarrassment, anxiety, humiliation, serious mental anguish, and emotional and physical distress.

27   Plaintiff will continue to suffer damages in a sum that exceeds the jurisdictional limits of this court,

28   but is yet to be ascertained. Plaintiff will either seek leave to amend this Complaint upon

1  ascertaining such information, or will prove the same at the time of trial.

2        113.   As more fully set forth above, the acts of Defendants were intentional, malicious,

3  wanton, oppressive, and fraudulent, with conscious disregard for Plaintiff's rights and with the

4  intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff,

5  within the meaning of California Civil Code § 3294. Plaintiff is therefore entitled to punitive or

6  exemplary damages in an amount sufficient to punish and make an example out of Defendants.

7  ### THIRTEENTH CAUSE OF ACTION

8  ### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

9  ### AGAINST ALL DEFENDANTS

10        114.   Each of the above paragraphs contained in this Complaint is hereby incorporated

11  by reference at this point as if set forth herein full at length.

12        115.   In carrying out the above conduct, Defendants, and their employees and agents,

13  breached the duty owed to Plaintiff to provide a workplace free from discrimination, harassment,

14  and retaliation, and abused their positions of authority towards her. Said conduct exceeded the

15  inherent risks of employment and was not the sort of conduct normally expected to occur in the

16  workplace.

17        116.   Defendants, and their employees and agents knew, or should have known that the

18  above conduct would cause Plaintiff serious emotional distress. As a proximate result of

19  Defendants negligent conduct, Plaintiff suffered and will continue to suffer extreme humiliation,

20  embarrassment, anxiety, mental anguish, and emotional distress in an amount according to proof.

21  ### PRAYER FOR RELIEF

22       WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

23  follows:

24      1.   Compensatory and actual damages in an amount to be proven at the time of trial;

25      2.   For costs of the suit incurred herein;

26      3.   For punitive and exemplary damages in an amount to be proven at the time of trial;

27      4.   For reasonable attorney's fees pursuant to California Government Code § 12965 (b);

28         and,

1        5.   For such other relief as the court may deem proper.

2                          **<u>DEMAND FOR JURY TRIAL</u>**

3        Plaintiff hereby demands jury trial in this matter.

4

5   Dated: August 26, 2015                    MESRIANI LAW GROUP
                                              A PROFESSIONAL LAW CORPORATION
6

7
                                 By:   _____
8                                      PEGAH SHARIFI, ESQ.
9                                      Attorney for Plaintiff MARCELA VAVERKOVA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        22
                                     COMPLAINT

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

July 29, 2015

Rodney Mesriani
510 Arizona Ave
Santa Monica California 90401

RE: **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 617764-173202
Right to Sue: Vaverkova / GUCCI AMERICA, INC.

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing
Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve
these documents on the employer. You or your attorney must serve the complaint. If you do not
have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of
Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of
California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets
procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

July 29, 2015

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 617764-173202
Right to Sue: Vaverkova / GUCCI AMERICA, INC.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of
Fair Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. This case is not being investigated
by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to
Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

July 29, 2015

Marcela Vaverkova
1559 Club View Dr.
Los Angeles California 90024

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 617764-173202
Right to Sue: Vaverkova / GUCCI AMERICA, INC.

Dear Marcela Vaverkova,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective July 29, 2015 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                     GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

Enclosures

cc:  Scott Fanslow

1  **COMPLAINT OF EMPLOYMENT DISCRIMINATION**

2  **BEFORE THE STATE OF CALIFORNIA**

3  **DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
   **Under the California Fair Employment and Housing Act**
4  **(Gov. Code, § 12900 et seq.)**

5

6  In the Matter of the Complaint of          DFEH No. 617764-173202
7  Marcela Vaverkova, Complainant.
   1559 Club View Dr.
8  Los Angeles California 90024

9  vs.

10
   GUCCI AMERICA, INC., Respondent.
11 50 Hartz Way
   Secaucus, New Jersey 07094
12

13

14 Complainant alleges:

15 1. Respondent **GUCCI AMERICA, INC.** is a subject to suit under the California Fair Employment and
   Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  Complainant believes respondent is subject to the FEHA.
16
   2. On or around **July 29, 2015**, complainant alleges that respondent took the following adverse actions against
17 complainant: **Discrimination, Harassment, Retaliation Denied a work environment free of discrimination
   and/or retaliation, Denied family care or medical leave, Denied pregnancy leave, Denied reasonable**
18 **accommodation, Terminated, Other, intentional and negligent infliction of emotional distress..**
   Complainant believes respondent committed these actions because of their: **Engagement in Protected**
19 **Activity, Family Care or Medical Leave, Sex- Gender, Sex - Pregnancy, Other whistle blowing action,**
   **retaliation in violation of CFRA, FMLA and FEHA.**
20
   3. Complainant **Marcela Vaverkova** resides in the City of **Los Angeles**, State of **California**.  If complaint
21 includes co-respondents please see below.

22

*Complaint – DFEH No. 617764-173202*

Date Filed: July 29, 2015

H 902-1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

**Co-Respondents:**

Scott Fanslow
50 Hartz Way
Secaucus  New Jersey 07094

*Complaint -- DFEH No. 617764-173202*

Date Filed: July 29, 2015

H 902-1

1

2

**Additional Complaint Details:**

3

4

5

I was discriminated against and harassed due to my pregnancy and gender. I was retaliated against for my engagement in a protected activity, my whistle blowing action and in violation of CFRA, FMLA and FEHA. As a result, I was wrongfully terminated.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

H 902-1

-7-

*Complaint – DFEH No. 617764-173202*

Date Filed: July 29, 2015

1

## VERIFICATION

2   I, **Rodney Mesriani, ESQ.**, am the Attorney for Complainant in the above-entitled complaint.   I have read the

3   foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those
matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

4   On July 29, 2015, I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

5

6                                                                                    Santa Monica, CA
                                                                        **Rodney Mesriani, ESQ.**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

H 902-1

                                                        -8-

Date Filed: July 29, 2015

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Pegah Sharifi (SBN 290260)<br>5723 Melrose Avenue<br>Los Angeles CA 90038 | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>AUG 28 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Judi Lara, Deputy |

TELEPHONE NO.: (310) 826-6300    FAX NO.: (323) 962-3668
ATTORNEY FOR *(Name):* Plaintiff Marcela Vaverkova

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles CA 90012
BRANCH NAME: Central

CASE NAME:
Marcela Vaverkova v. Gucci America, Inc. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC 5 9 2 9 1 0 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☒ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☒ monetary    b.☐ nonmonetary; declaratory or injunctive relief    c.☒ punitive
4. Number of causes of action *(specify):* 13
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 08/26/2015

Pegah Sharifi
_____
(TYPE OR PRINT NAME)

►_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: | CASE NUMBER | |
|---|---|---|
| Marcela Vaverkova v. Gucci America, Inc. et al. | | BC 5 9 2 9 1 0 |

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL _____ ☐ HOURS/ ☒ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | | **C**<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 2. |
| | | ☐ A7221 | Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 | Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 | Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 | Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 | Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Marcela Vaverkova v. Gucci America, Inc. et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6, |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Marcela Vaverkova v. Gucci America, Inc. et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
AND STATEMENT OF LOCATION

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Marcela Vaverkova v. Gucci America, Inc. et al. | |

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. ☐1. ☒2. ☒3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 1559 Club View Dr. |
|---|---|
| CITY: Los Angeles | STATE: CA    ZIP CODE: 90024 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Central___ courthouse in the ___Los Angeles___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___08/26/2015___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

BC 5 9 2 9 1

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Kevin C. Brazile | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | | Hon. John L. Segal | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | | Hon. Mitchell L. Beckloff | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 |
| Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Mark Mooney | 68 | 617 |
| Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Suzanne G. Bruguera | 71 | 729 |
| Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Elizabeth Feffer | 39 | 415 | | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 |
| Hon. Holly E. Kendig | 42 | 416 | | | | |
| Hon. Mel Red Recana | 45 | 529 | | Hon. Emile H. Elias | 324 | CCW |
| Hon. Frederick C. Shaller | 46 | 500 | | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 324 | CCW |
| Hon. Debre K. Weintraub | 47 | 507 | | | | |

## *Complex

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on __AUG 28 2015__ SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04/15)
LASC Approved 05-06

## – NOTICE OF CASE ASSIGNMENT –
## UNLIMITED CIVIL CASE

Page 1 of 2

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answe filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the compla Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and exp witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all moti in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special j instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conferen counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, a time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore no guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with t actual Chapter Rules is absolutely imperative.**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

## STIPULATION – DISCOVERY RESOLUTION

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR PLAINTIFF)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR_____)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR_____)

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR_____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, to discuss and consider whether there can be agreement on the following:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lasuperiorcourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____    ➤ _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date: _____

_____    ➤ _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____    ➤ _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____    ➤ _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____    ➤ _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date: _____

_____    ➤ _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

_____    ➤ _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

STATE BAR NUMBER

Reserved for Clerk's File Stamp

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

### INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

CASE NUMBER:

1. **This document relates to:**

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. **Deadline for Court to decide on Request:** _____ (insert date 10 calendar days following filing of the Request).

3. **Deadline for Court to hold Informal Discovery Conference:** _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, _briefly_ describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, _briefly_ describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

### INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):                    FAX NO. (Optional):
ATTORNEY FOR (Name):

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

### STIPULATION AND ORDER – MOTIONS IN LIMINE
Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

LACIV 078 (new)
LASC Approved 04/11

## STIPULATION AND ORDER – MOTIONS IN LIMINE